Case 4:23-cv-02307   Document 23   Filed on 10/07/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| TERI JUNE VANDERZWET.,[1] § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Case No. 4:23-cv-2307 |
| § | |
| MARTIN O'MALLEY,[2] § | |
| Commissioner of Social Security, § | |
| § | |
| *Defendant.* § | |

## MEMORANDUM AND ORDER

Plaintiff seeks to recover attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Pl.'s Mot., ECF No. 22. Because the Court granted Plaintiff's Motion for Summary Judgment, ECF No. 14, and remanded this case to the Commissioner for reconsideration, Memorandum & Order, ECF No. 20; Final Judgment, ECF No. 21, Plaintiff is the prevailing party.[3] The

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[3] On August 22, 2023, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order Transferring, ECF No. 10.

Court finds that Plaintiff's counsel's request for fees is reasonable, and Defendant does not oppose the request. ECF No. 22. Therefore, Plaintiff's motion should be granted.

**I.   LEGAL STANDARD FOR THE EAJA**

The EAJA permits the recovery of attorney's fees in proceedings for judicial review of an agency's action. 28 U.S.C. § 2412(d)(1)(A). The purpose is to "ensure adequate representation of those who need it and to minimize the costs of this representation to taxpayers." *Day v. Comm'r Soc. Sec. Admin.*, No. 6:16-CV-00210, 2017 WL 4417682, at *1 (E.D. Tex. Oct. 31, 2017); *see Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (purpose is to eliminate the financial disincentive for an average person to challenge unreasonable government actions).

In a civil action brought against the United States, the claimant is entitled to attorney's fees under the EAJA when the following elements are met: (1) the claimant is the prevailing party, (2) the claimant timely files a fee application, (3) the Court finds the position of the Government was not substantially justified, and (4) no special circumstances make the award unjust. *Reese v. Saul*, No. 4:19-CV-27872, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

The Court previously found that the ALJ failed to properly evaluate the severity of Plaintiff's mental limitations at Step Two in making her RFC

determination. ECF No. 20. The claimant is a prevailing party when the district court remands a social security action under sentence four of 42 U.S.C. § 405(g).[4] *Shalala v. Shaefer*, 509 U.S. 292, 299-301 (1993); *Mathews v. Berryhill*, No. 4:18-CV-04795, 2020 WL 242487, at *1 (S.D. Tex. Jan. 16, 2020). Thus, Plaintiff is the prevailing party, and the government's position was not substantially justified. No special circumstances make the award of fees unjust.[5]

## II. ANALYSIS

Plaintiff's counsel seeks a fee award of $8,382.92[6] in attorney's fees and $402.00 in costs from filing the complaint. ECF No. 22. He submitted evidence

---

[4] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

[5] After the district court renders judgment, a party has 30 days from the time that the judgment becomes final to seek an EAJA award. The district court's judgment becomes final when it can no longer be appealed. 28 U.S.C. § 2412(d)(2)(G). In suits in which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 judgment. *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993). Thus, a party has 30 days after this 60-day period to seek an EAJA award of fees. In this case, the Court issued a judgment on June 26, 2024, ECF No. 21, which became final sixty days later, on August 25, 2024. Plaintiff had thirty days from August 25, 2024, to file his motion for attorney's fees. Plaintiff filed his motion on September 25, 2024, one day after the thirty-day period. ECF No. 22. However, a district court held that a Social Security claimant's request for attorney's fees should be granted when unopposed, even if one day late. *Giles v. Comm'r of Soc. Sec.*, No. 8:22-cv-1035-DNF, 2023 WL 7385806, at *1-2 (M.D. Fla. Nov. 8, 2023).

[6] The itemized statement of hours proposed rates of $240.00/hour (attorney) and $100.00/hour (paralegal), resulting in an initial figure of $9,312.00. ECF No. 22-1. However, in Footnote 1 of ECF No. 22, Plaintiff indicates that "[a]fter consultation between the parties [Plaintiff's attorney] …agreed to a reduction in time for a total request of $8,382.92." This reduction demonstrates good faith. *Angela C. v. Kijakazi*, No. 4:22-CV-0904, 2023 WL 4551207, at *1 n.5 (S.D. Tex. June 28, 2023) ("Plaintiff's attorney actually worked 42.7 hours on the case but seeks compensation for only 37 hours as an exercise of good faith.").

supporting an hourly rate of $100 for 4.8 hours of paralegal hours worked in 2023 and 2024, and $240.00 for 36.8 attorney hours worked in 2023 and 2024. ECF No. 22-1. The Commissioner does not object to the hours expended or the rate requested.[7] ECF No. 22.

Nonetheless, the Court must determine whether the fee is reasonable, requiring an examination of the hours worked and the rate sought. *Matthews*, 2020 WL 242487, at *2 (citing *Chargois v. Barnhart*, 454 F. Supp.2d 631, 634 (E.D. Tex. 2006)). Typically, in Social Security cases, fee applications range from twenty to forty hours. *Id.*[8] Plaintiff's counsel claims 36.8 hours,[9] which is within the typical range of hours for this type of case.

Counsel's hourly rate is higher than the statutory rate of $125,[10] requiring a finding that the increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The court has wide discretion in calculating any

---

[7] The Commissioner does not object to the reduced amount, $8,382.92.

[8] Courts award attorney's fees pursuant to the EAJA only for those hours incurred in the civil action, not the administrative proceedings. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action, brought by or against the United States in any court having jurisdiction of that action." 28 U.S.C. § 2412(d)(1)(A).

[9] As indicated in Footnote 1, ECF No. 22, Plaintiff's attorney agreed to a reduction in hours, so the number of hours for which he seeks compensation is less than 36.8.

[10] The EAJA dictates that attorney's fees not to be awarded in excess of $125 per hour, unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

increase in the hourly rate. *Matthews*, 2020 WL 242487, at *2.

Courts routinely use cost-of-living adjustment based on the Consumer Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics. *E.g., Day*, 2017 WL 4922048, at *2; *Chargois*, 454 F.Supp.2d at 634 (collecting cases). Based on the region where services were performed, the court will use the average annual CPI for the year the last time the rate changed as a base rate, and then compare it to the average annual CPI for when the attorney provided the legal services. *Chargois*, 454 F.Supp.2d at 634; *accord Perales*, 950 F.2d at 1079 (instructing the court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). If the CPI increased from the time the hourly rate changed to the time the services were performed, "the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F.Supp.2d at 634.

Here, Plaintiff's counsel is claiming fees for work performed in 2023 and 2024. The hourly rate last changed in 1996; at that time, the CPI for Houston-The Woodlands-Sugar Land, TX and was 142.7.[11] The Court calculates the hourly rates for 2023 and 2024 as follows: [12]

---

[11] Plaintiff's counsel determined the "prevailing rate under EAJA" to be $240.00/hour. ECF No. 22. The Court instead uses the more geographically precise CPI for the Houston area noted above.

[12] The Court obtained CPI numbers used to calculate Plaintiff's attorney's fees from this chart. *See* Consumer Price Index, All Urban Consumers (CPI-U), Houston-The Woodlands-Sugar Land, Tx,

- For 2023, the CPI for Houston-The Woodlands-Sugar Land, Texas is 267.607. The percentage difference between 1996 and 2023 is 187.53% (267.607/142.7). Therefore, the hourly rate for 2023 is $234.41/hour (187.53% x $125/hour).

- For 2024, although there is no annual data available, the CPI for the first half of 2024 for Houston-The Woodlands-Sugar Land, Texas is 273.400. The percentage difference between 1996 and 2024 is 191.59% (273.400/142.7). Therefore, the hourly rate for 2024 is $239.49/hour (191.59% x $125/hour).

Using these calculated hourly rates, the Court determines the appropriate fee for Plaintiff's counsel based on the hours worked. In 2023, he worked 31.8 hours, and at $234.41 per hour, his fee is $7,454.24. In 2024, he worked 5.0 hours; and at $239.49 per hour, his fee is $1,197.45. The sum of the 2023 and 2024 fees is $8,651.69.

As mentioned above, Plaintiff's post-reduction calculation is $8,382.92, which is slightly lower than the Court's figure. ECF No. 22. To promote uniformity in the division, the Court uses the rates as calculated. *Mesecher*, 2017 WL 4417682, at *2 ("Use of such data promotes fee rates that are uniform within a particular district court division." (internal citations omitted)); *accord Joseph G. v. O'Malley*, No. 4:23-CV-4516, 2024 WL 2191961, at *2 (S.D. Tex. May 15, 2024) (the Court determined the 2023 rate for Houston was $234.41). The Court finds that a fee of $8,651.69 is reasonable for 36.8 hours worked. *Accord Palo R. v. O'Malley*, No.

---

https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited Oct. 4, 2024).

4:22-cv-01962, 2024 WL 1181492, at *3 (S.D. Tex. Mar. 1, 2024) (approving $8,158.59 in fees for 32.05 hours in attorney time); *see also Burkhart v. Saul*, No. 2:20-CV-155, 2021 WL 5154786, at *2 (S.D. Tex. Aug. 2, 2021) (approving $8,456.32 in fees for 42.2 hours in attorney time and other fees); *Angela C.*, 2023 WL 4551207, at *2 ("Plaintiff's attorney seeks to be compensated for 37 hours and has submitted an itemized statement of the hours worked…the Court finds that the number of hours sought is reasonable and supported.").

The EAJA also allows for recovery of paralegal fees at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). Plaintiff seeks to recover 4.8 hours of paralegal work at a rate of $100 per hour, for a total of $480. ECF No. 22. Courts in this Circuit frequently approve comparable paralegal awards in the context of the EAJA. *See, e.g.*, *Matthews*, 2020 WL 242487, at *3 ($100 per hour for 8 hours worked); *McCullough v. Saul*, No. 18-CV-128, 2019 WL 2774336, at *2 (W.D. Tex. July 2, 2019) ($100 per hour for 7.5 hours worked). The Court finds an award of $480 in paralegal fees to be reasonable, for a fee total of $9,131.69.

The EAJA also provides for an award of costs, as defined by those enumerated in 28 U.S.C. § 1920. *See* 28 U.S.C. § 2412(a)(1). Section 1920 lists "[f]ees of the clerk" as a taxable cost, 28 U.S.C. § 1920(1), and thus court filing fees are an appropriate award under the EAJA. *Ybarra v. Astrue*, No. 07-CV-329, 2008 WL 2779291, at *5 (S.D. Tex. July 15, 2008); *see, e.g.*, *Little v. Berryhill*, No. 17-CV-

7

328, 2018 WL 8754166, at *1 (S.D. Tex. Aug. 16, 2018) (awarding Plaintiff the filing fee as a cost), *report and recommendation adopted*, 2018 WL 9991758 (Sept. 19, 2018). Plaintiff is entitled to the $402 filing fee.[13]

### III.   CONCLUSION

The Court **ORDERS** that Plaintiff's motion for attorney's fees, ECF No. 22, is **GRANTED**; and Defendant is **ORDERED** to pay $9,131.69 in fees and $402 in costs pursuant to the Equal Access to Justice Act, with the check made payable to Plaintiff,[14] and mailed to: Karl E. Osterhout, Osterhout Berger Daley, LLC, 521 Cedar Way, Suite 200, Oakmont, PA 15139.

**SIGNED** at Houston, Texas, on October 7, 2024.

*[signature: Dena Palermo]*

**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

[13] This should be paid from the Department of Justice's Judgment Fund. *See Little*, 2018 WL 8754166, at *1 n.2.

[14] Plaintiff requests that EAJA fees be paid directly to counsel. ECF No. 22. "However, the Supreme Court has clarified that EAJA awards are payable to the *litigant* rather than their attorney." *Martha V. v. Kijakazi*, No. 4:21-cv-3267, 2023 WL 5186869, at *4 n.9 (S.D. Tex. Aug. 10, 2023) (quoting *Esther D. J. v. Kijakazi*, No. 4:20-CV-239, 2023 WL 4275499, at *2 (S.D. Tex. Apr. 18, 2023) (internal citations omitted)). "Therefore, the award itself must be paid to her client." *Id.* (citing *Astrue v. Radcliff*, 560 U.S. 586, 593 (2010)).